IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

In re:
MAUREEN H. GISONDI,                                   : CHAPTER 13
    Debtor

MAUREEN H. GISONDI,
    Plaintiff                                        : BANKR. NO. 08-14444

v.

COUNTRYWIDE HOME LOANS, INC,
and CROSS COUNTRY FUNDING, LLC

    Defendants                                       : ADVERSARY NO. 08-

## COMPLAINT

1. This is an action a borrower seeking certain remedies against the loan originator, who is believed to still hold and service the loan at issue, including recoupment against an expected proof of claim of the mortgage holder for violations of the federal Truth-in-Lending Act, 15 U.S.C. section 1601, et seq. ("the TILA"); violations of the Real Estate Settlement Practices Act, 12 U.S.C. §§ 2601, et seq. ("RESPA") by the servicer; and violations of the Pennsylvania Credit Services Act, 73 Pa.C.S. § 2183(3), (4), 2184, 2185, and 2186 ("the CSA"), and the Pennsylvania Loan Broker Trade Practices Regulations ("the LBTP"), 37 PA. CODE §§ 305.3(a)(1) through (a)(4) and the UTPCPL by the broker in the transaction.

2. Jurisdiction of this court to hear this proceeding is conferred by 28 U.S.C. § 1334(b). This is a core proceeding because it is in effect a counterclaim to an expected proof of claim filed by the holder of the loan and because it seeks a determination of the validity and extent of the lender's claimed lien against the Plaintiff's home, pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (b)(2)(K).

3. The Plaintiff is MAUREEN H. GISONDI, an adult individuals residing at 2561 Skippack Pike, Lansdale, PA 19446 ("the Home").

4. The Defendants are COUNTRYWIDE HOME LOANS, INC. ("Countrywide"), a Foreign Business Corporation the entity number of which is 794984 and which lists the address of C/o The Prentice-Hall Corporation System, Inc., 2704 Commerce Dr., Harrisburg, PA 17110 with the Pennsylvania Department of State, the originator, current holder and

apparent servicer of the loan a issue; and CROSS COUNTRY FUNDING, LLC ("CCF"), a Pennsylvania Limited Liability Company the entity number of which is 3224726 and which lists the address of 701 Spring Mill Ave., Conshohocken, PA 19428 with the Pennsylvania Department of State, the loan broker in the transaction at issue.

5. On or about August 10, 2006, the Plaintiff entered into a loan transaction with Countrywide in order to refinance her previous home mortgages held by Wells Fargo Bank ("Wells") and Harleysville National Bank ("Harleysville"). In the course of communications to consummate the refinancing, the Plaintiff fully informed the Defendants' agents, who knew or should have known of the status of the Plaintiff's prior loans, of the existence and status of the Plaintiff's outstanding loans and sent them certain documentation of her income and debt status.

6. In this transaction, the mortgages then secured by the Home were refinanced with the intention of reducing the interest rate and monthly payments of the mortgages, an intent clearly expressed to CCF. However, as it developed, the Plaintiff did lower her payments, but only because, unknown to her at the time of settlement and contrary to her expressed intentions, the loan, as structured, resulted in a negative amortization wherein the principle balance actually increased over time. Moreover, the loan as written included a variable rate, for which the Plaintiff received no disclosures, which after adjusting upwards has left the Plaintiff with a loan she can no longer afford.

7. Moreover, as is standard practice in the industry, Wells and Harleysville had required the Plaintiff to purchase title insurance on the Home as a condition of their previous loan, and this fact was known to employees of Countrywide and Lloyds & Handson Abstract, the company which was hired to provide certain services in connection with this transaction and which purchased title insurance in connection therewith.

8. The Plaintiffs avers that she received no documents memorializing this transaction whatsoever, including no federal Truth-in-Lending Disclosure Statement ("the DS"), Settlement Statement ("the SS"), nor any copies of any forms providing her with Notice of Right to Cancel this transaction ("the Notice"). Upon later inquiry, the Plaintiff was provided a copy of a SS attached hereto as Exhibit "A." The failure to provide any loan documents to the Plaintiff, including no copy of the Notice, constitute material violations of the TILA.

9. While it is difficult to determine the existence and scope of other TILA violations due to the Defendants failure to provide the required disclosures at closing or any time, analyses of the loan documents that the Plaintiff received only after asking for their production

reveal that there are numerous charges on the SS which should have been included in the "finance charge" but were not so included, in violation of the TILA. Foremost, the Plaintiff was charged $640.00 by Fremont and the broker in the transaction, CCF, charged the excessive sum of $6,750.00 in addition to receiving a "Premium" of $9,281.25 identified as being paid by the lender, but actually indirectly paid by the borrower through an increased interest rate the effect of which was never explained. Moreover, the Plaintiff was charged $1,891.67 for title insurance which is in excess of that allowable per the Manual of Title Insurance Rating Bureau of Pennsylvania for a "refinance" of a loan of the size of the one at issue. Finally, Lloyds Handson Title Agency charged a total of $274.00 in addition to being the entity which received the excessive title insurance fee. When these and all the other charges are analyzed, it is clear that the charges properly characterized as part of the finance charge in this transaction have only been partially disclosed as such, if at all, rendering the disclosure of the Finance Charge and Annual Percentage Rate of the Finance Charge erroneous, which are material violations of the TILA.

10. Furthermore, the TILA requires that a borrower receiving a variable rate mortgage, such as the mortgage at issue, receive certain disclosures and booklets explaining the terms prior to settlement. As would be expected in this circumstance where the Plaintiff received no documents at all, the Plaintiff received no such disclosures or booklets, which also constitutes a material violation of the TILA pursuant to 12 C.F.R. § 226.19.

11. On or about June 2, 2008, having undertaken to represent the Plaintiff, the undersigned forwarded a letter to Countrywide initiating the Plaintiff's right to rescind the loan agreement pursuant to material violations of the TILA, a copy of which is attached hereto as Exhibit "B." Moreover, this letter constituted a qualified written request ("QWR") under the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(5)(e) ("RESPA"), requesting certain information relative to the underlying loan.

12. Countrywide responded to the Plaintiff's rescission demand and QWR of June 2, 2008, with correspondence of July 1, 2008, indicating that "[t]he concerns addressed in your letter require a further detailed analysis" and requesting additional time to reply. Thereafter, the undersigned received further correspondence on July 7, 2008, indicating that Countrywide could not respond without "written authorization" from the Plaintiff, a thinly veiled attempt to avoid addressing the issues addressed in the Plaintiff's rescission demand and QWR for which no substantive response has been forthcoming. Copies of Countrywide's responses are attached hereto as Exhibits "C" and "D" respectively.

**COUNT ONE**

## (COUNTRYWIDE)

13. The allegations of paragraphs 1 through 12 are incorporated herein by reference.

14. The transaction described herein was a closed-end consumer financing transaction within the scope of the TILA.

15. The Plaintiff did not receive any documents in connection with this transaction, including no DS, SS, Notice, or variable rate disclosures, and as such did not receive accurate disclosures of the terms of the transaction as required by the TILA, including, but not limited to, the actual "Finance Charge" in the transaction, in violation of 15 U.S.C. § 1638(a), as the Finance Charge as represented omits the many of the charges and excessive charges referenced in paragraph 9 supra which renders the disclosure of the Finance Charge and Annual Percentage Rate of the Finance Charge erroneous, all of which are material violations of the TILA entitling the Plaintiff to rescind the instant loan transaction.

16. The Plaintiff has validly exercised her right to rescind this transaction, but the Defendant has improperly refused to recognize same or perform any of its duties under 15 U.S.C. § 1635(b) of the TILA. As a result, the Defendant is not only obligated to perform those duties, but is also liable to the Plaintiff for statutory damages for refusing to do so.

WHEREFORE, the Plaintiff requests that the current holder of the loan be ordered to satisfy its security interest in the Home, desist form making any claim for finance charges arising out of this transaction, that the holder of the loan at any time return all of the Plaintiff's payments and be barred from making any claim for payments against the Plaintiff, and that the Defendant be deemed liable to the Plaintiff for statutory damages of $2,000.00, plus any finance charges and fees paid by the Plaintiff to any holder of the loan documents at any time, and be directed to pay the undersigned reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1635(b), 1640(a)(2)(A)(i), and 1640(a)(3) of the TILA.

## COUNT TWO
## (CCF)

17. All of the allegations of paragraphs 1 through 16 are incorporated herein by reference.

18. By its role in arranging this transaction to the detriment of the Plaintiff and the benefit of itself, the Plaintiff averring that she was not informed of the effect of the yield spread premium nor that she was entering into a variable rate loan or one containing a negative amortization features, coupled with the Defendant's misrepresentations of the terms of this loan and its charges, which terms were material to the loan, and which its agents knew were unreasonable, CCF has engaged in common-law fraud, has breached their fiduciary duties to the Plaintiff as her purported agent, and has thereby violated the Pennsylvania Credit Services Act, 73 Pa.C.S. § 2183(3), (4), 2184, 2185, and 2186 ("the CSA") rendering it liable for the statutory damages provided in 73 P.S. § 2191; and has violated the Pennsylvania Loan Broker Trade Practices Regulations ("the LBTP"), 37 PA. CODE §§ 305.3(a)(1) through (a)(4).

WHEREFORE, the Plaintiff requests that the Defendant be determined to be liable to the Plaintiff for statutory damages plus punitive damages, reasonable attorneys' fees for the Plaintiff's counsel, and any costs pursuant to 73 P.S. § 2191 and other applicable laws cited.

## COUNT THREE
## (CCF)

19. All of the allegations of paragraphs 1 though 18 are incorporated herein by reference.

20. CCF, having violated the CSA in this transaction, has engaged in a concerted plan to purport to provide financial services with an intent not to provide same as represented and to knowingly misrepresent that services such as were provided were needed when they were not needed, as well as engaging in fraudulent and deceptive conduct which was calculated to and did create confusion and misunderstanding in the mind of susceptible consumers such as the Plaintiff and have violated the LBTP, in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, et seq. ("the UTPCPL"), particularly 73 P.S. §§ 201-2(4)(v), (xv), and (xxi).

WHEREFORE, the Defendant is liable to the Plaintiff for treble the amount of their actual damages, plus reasonable attorneys' fees for the undersigned plus costs pursuant to 73 P.S. § 201-9.2(a) of the UTPCPL.

## COUNT FOUR
## (COUNTRYIDE)

21. All of the allegations of paragraphs 1 through 20 are incorporated herein by reference.

22. The Defendant was not only obliged to respond to the Plaintiff's qualified written request concerning the instant transaction, having yet to provide any of the requested information, but also should not have provided information regarding any overdue payment, owed by the Plaintiff and relating to such qualified written requests, to any consumer reporting agency. The failure of the Defendant to comply with 12 U.S.C. §§ 2605(e) and (f) of the federal Real Estate Settlement Practices Act ("RESPA"), renders them liable for damages and costs pursuant to 12 U.S.C. §§ 2605(f)(1) and (f)(3).

WHEREFORE, the Plaintiff requests that the Defendant be determined to be liable to the Plaintiff for her actual damages incurred due to the Defendant's noncompliance, statutory damages of $1,000.00, reasonable attorneys' fees for the Plaintiff's counsel, and any costs pursuant to 12 U.S.C. §§ 2605(f)(1) and (f)(3).

DAVID A. SCHOLL
6 St. Albans Avenue
Newtown Square, PA. 19073
(610)-353-7543
Attorney for Plaintiffs